Lilla Shkolnikov (SBN 219484) (*admitted pro hac vice*)
GROTEFELD HOFFMANN LLP
700 Larkspur Landing Circle, Suite 280
Larkspur, California 94939
Telephone: 415.344.9670
Facsimile: 415.989.2802
Email: lshkolnikov@ghlaw-llp.com

John T. Keating (Bar No. 6373)
KEATING LAW GROUP
9130 W. Russell Rd. Suite 200
Las Vegas, NV 89148
Telephone: 702.228.6800
Email: jkeating@keatinglg.com

Attorneys for Plaintiff
HOMESITE INSURANCE COMPANY
as subrogee of Traci Marx and Raymond Marx

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HOMESITE INSURANCE COMPANY as subrogee of Traci Marx and Raymond Marx,<br><br>Plaintiff,<br><br>v.<br><br>NORCOLD, INC., THETFORD CORPORATION, CAMPING WORLD OF HENDERSON, CAMPING WORLD, INC., and DOES 1 through 50, Inclusive,<br><br>Defendants.<br><br>TRACI MARX, RAY MARX, ALYSSA DILLARD and SETH DILLARD,<br><br>v.<br><br>NORCOLD, INC., THETFORD CORPORATION, THE DYSON-KISSNER-MORAN CORPORATION, CAMPING WORLD HOLDINGS, INC., CAMPING WORLD, INC., CWI, INC., CAMPING WORLD OF HENDERSON, and DOES 1 to 50, inclusive, and ROE ENTITIES 1 to 50, inclusive | Case No.: 2:21-cv-02167-RFB-DJA (Consolidated with Case No. 2:22-cv-00085-JCM-EJY)<br><br>**STIPULATION TO FILE SECOND AMENDED COMPLAINT PURSUANT TO FRCP 15(a)(2); [~~PROPOSED~~] ORDER** |

## STIPULATION AND ORDER ALLOWING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Pursuant to FRCP 15(a)(2), Plaintiff, Homesite Insurance Company ("Plaintiff") and Defendants, Norcold LLC f/k/a Norcold, Inc., Thetford LLC f/k/a Thetford Corporation, Camping World, Inc., Camping World of Henderson, and CWI, Inc. (collectively "Defendants"), by and through their counsel of record, hereby submit this stipulation permitting Plaintiff to file its Second Amended Complaint as follows:

WHEREAS on November 5, 2021, Plaintiff filed its Complaint for Property Damage in this action against Norcold, Inc., Thetford Corporation, Camping World, Inc., and Camping World of Henderson;

WHEREAS on October 12, 2022, Plaintiff filed a Stipulation and Order Allowing Plaintiff to file its First Amended Complaint for Property Damage naming CWI, Inc. as a defendant in this action based on Camping World's representation that Camping World of Henderson is a trade name of CWI, Inc.; whereas the Court granted Plaintiff leave to file its First Amended Complaint on October 13, 2022; whereas Plaintiff filed its First Amended Complaint on October 28, 2022 and defendants filed their answers to the First Amended Complaint;

WHEREAS Plaintiff seeks to file a Second Amended Complaint for Property Damage naming Norcold LLC and Thetford LLC as defendants in this action based on information that previously named defendants Norcold, Inc. and Thetford Corp. had converted into limited liability companies;

WHEREAS a copy of Plaintiff's Second Amended Complaint for Property Damage is attached hereto as Exhibit A;

IT IS HEREBY STIPULATED, by and between Plaintiff and Defendants, through their respective counsel that Plaintiff should be granted leave to file the Second Amended Complaint for Property Damage, a copy of which is attached hereto as Exhibit A.

| | |
|---|---|
| Dated: February 28, 2022 | **GROTEFELD HOFFMANN LLP**<br><br>*/s/ Lilla Shkolnikov*<br>Lilla Shkolnikov<br>Attorneys for Plaintiff<br>Homesite Insurance Company |
| Dated: February 28, 2023 | **HINSHAW & CULBERTSON LLP**<br><br>*/s/ Russell S. Ponessa*<br>Russell S. Ponessa<br>(Admitted Pro Hac Vice)<br>Minnesota Reg. #169316<br>250 Nicollet Mall, Suite 1150<br>Minneapolis, MN 55401<br><br>AND<br><br>**KRAVITZ, SCHNITZER, JOHNSON, WATSON & ZEPPENFELD, CHTD**<br>MARTIN J. KRAVITZ, ESQ.<br>Nevada Bar No. 83<br>MICHAEL ESPOSITO, ESQ.<br>Nevada Bar No. 13482<br>8985 S. Eastern Ave., Ste. 200<br>Las Vegas, NV 89123<br><br>Attorneys for Defendants CAMPING WORLD OF HENDERSON, CAMPING WORLD, INC. AND CWI, INC. |

1
2  Dated: February 28, 2023                                    **COKINOS | YOUNG**
3
4                                                               */s/ Mitchell R. Powell*
                                                                J. PARKER FAUNTLEROY, JR.
5                                                               Texas Bar No. 00790668 (Pro Hac Vice)
                                                                MITCHELL R. POWELL
6                                                               Texas Bar No. 24091890 (Pro Hac Vice)
                                                                1221 Lamar Street, 16th Floor
7                                                               Houston, Texas 77010
8                                                               AND
9                                                               **LEWIS BRISBOIS BISGAARD SMITH LLP**
                                                                DARRELL D. DENNIS, ESQ.
10                                                              Nevada Bar No. 6618
                                                                STEVEN B. ABBOTT, ESQ.
11                                                              Nevada Bar No. 10303
                                                                MICHAEL R. SMITH, ESQ.
12                                                              Nevada Bar No. 12641
                                                                6385 S. Rainbow Blvd., Ste. 600
13                                                              Las Vegas, Nevada 89118
14
                                                                Attorneys for NORCOLD LLC f/k/a
15                                                              NORCOLD, INC. and THETFORD LLC f/k/a
                                                                THETFORD CORPORATION
16
17
18
19
20
21
22
23
24
25
26
27
28

## ORDER

The Court, having reviewed the foregoing Stipulation, and good cause appearing therefore:

IT IS HEREBY ORDERED that Plaintiff Homesite Insurance Company is granted leave to amend and file its Second Amended Complaint for Property Damage, a copy of which is attached hereto as Exhibit "A."

IT IS FURTHER ORDERED that Norcold LLC's responsive pleading shall be due fourteen (14) days after the Second Amended Complaint is filed.

IT IS FURTHER ORDERED that Thetford LLC's responsive pleading shall be due fourteen (14) days after the Second Amended Complaint is filed.

IT IS FURTHER ORDERED that the Second Amended Complaint is deemed filed as of the date this Order is transmitted via the CM/ECF system.

IT IS SO ORDERED.

DATED: __March 2, 2023__          _____
                                                          DANIEL J. ALBREGTS
                                                          UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

Lilla Shkolnikov (SBN 219484) *admitted pro hac vice*
GROTEFELD HOFFMANN LLP
700 Larkspur Landing Circle, Suite 280
Larkspur, California 94939
Telephone: 415.344.9670
Facsimile: 415.989.2802
Email: lshkolnikov@ghlaw-llp.com

John T. Keating (Bar No. 6373)
KEATING LAW GROUP
9130 W. Russell Rd. Suite 200
Las Vegas, NV 89148
Telephone: 702.228.6800
Email: jkeating@keatinglg.com

Attorneys for Plaintiff
HOMESITE INSURANCE COMPANY
as subrogee of Traci Marx and Raymond Marx

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HOMESITE INSURANCE COMPANY as subrogee of Traci Marx and Raymond Marx,<br><br>Plaintiff,<br><br>v.<br><br>NORCOLD, INC., NORCOLD LLC, THETFORD CORPORATION, THETFORD LLC, CAMPING WORLD OF HENDERSON, CAMPING WORLD, INC., CWI, INC. and DOES 1 through 50, Inclusive,<br><br>Defendants.<br><br>TRACI MARX, RAY MARX, ALYSSA DILLARD and SETH DILLARD,<br><br>v.<br><br>NORCOLD, INC., NORCOLD LLC, THETFORD CORPORATION, THETFORD LLC, THE DYSON-KISSNER-MORAN CORPORATION, CAMPING WORLD HOLDINGS, INC., CAMPING WORLD, INC., CWI, INC., CAMPING WORLD OF HENDERSON, and DOES 1 to 50, inclusive, and ROE ENTITIES 1 to 50, inclusive | Case No.: 2:21-cv-02167-RFB-DJA (Consolidated with Case No. 2:22-cv-00085-JCM-EJY)<br><br>**PLAINTIFF HOMESITE INSURANCE COMPANY'S SECOND AMENDED COMPLAINT** |

1

NOW COMES Plaintiff HOMESITE INSURANCE COMPANY, as subrogee of Traci Marx and Raymond Marx, by and through its attorneys GROTEFELD HOFFMANN LLP and for its Second Amended Complaint against Defendants NORCOLD, INC., NORCOLD LLC, THETFORD CORPORATION, THETFORD LLC, CAMPING WORLD OF HENDERSON, CAMPING WORLD, INC., CWI, INC., and DOES 1 through 50, inclusive, and allege that at all pertinent times herein upon information and belief as follows:

## INTRODUCTION

1. This subrogation action is brought to recover damages sustained to the property of Plaintiff's insureds as a result of a fire caused by a defective Norcold branded refrigerator.

## THE PARTIES

2. Plaintiff HOMESITE INSURANCE COMPANY (hereinafter "HOMESITE" or "Plaintiff") was and is an insurance carrier duly licensed to conduct and transact business in the State of Nevada as an insurance company during the relevant time periods alleged in this Complaint.

3. At all relevant times herein, HOMESITE provided a policy of insurance to its insured Traci Marx and Raymond Marx (hereinafter the "Insureds") for their property located at 6040 Pooh Corner St., Las Vegas, Nevada (hereinafter the "Subject Property").

4. Based on information and belief, Defendant NORCOLD, INC. is engaged in the business of designing, manufacturing, marketing, distributing, selling and/or installing gas absorption refrigerators, including the subject refrigerator at issue in this action, with corporate headquarters located in Ann Arbor, Michigan and/or Sidney, Ohio. NORCOLD INC. is authorized to transact business and is doing business in the State of Nevada.

5. Based on information and belief, Defendant NORCOLD LLC was and/or is engaged in the business of designing, manufacturing, marketing, distributing, selling and/or installing gas absorption refrigerators, with corporate headquarters located in Ann Arbor, Michigan and/or Sidney, Ohio. Based on information and belief, NORCOLD LLC is authorized to transact business and is doing business in the State of Nevada.

PLAINTIFF'S SECOND AMENDED COMPLAINT

6. Based on information and belief, Defendant THETFORD CORPORATION (hereinafter "THETFORD CORP.") is engaged in the business of designing, manufacturing, marketing, distributing, selling and/or installing products for recreational vehicles, including the subject refrigerator at issue in this action, with corporate headquarters located in Ann Arbor, Michigan. THETFORD CORP. is authorized to transact business and is doing business in the State of Nevada.

7. Based on information and belief, Defendant THETFORD LLC was and/or is engaged in the business of designing, manufacturing, marketing, distributing, selling and/or installing products for recreational vehicles with corporate headquarters located in Ann Arbor, Michigan. Based on information and belief, THETFORD LLC is authorized to transact business and is doing business in the State of Nevada.

8. Based on information and belief, CAMPING WORLD OF HENDERSON is in the business of selling, servicing, inspecting and/or maintaining recreational vehicles and accessories, including the subject recreational vehicle and refrigerator at issue in this action. CAMPING WORLD OF HENDERSON is located in Henderson, Nevada and sells and services recreational vehicles and accessories at this location.

9. Based on information and belief, CAMPING WORLD, INC. is in the business of selling, servicing, installing, inspecting and maintaining recreational vehicles and accessories, including the subject recreational vehicle and accessories at issue in this action. CAMPING WORLD, INC. is authorized to transact business and is doing business in the State of Nevada.

10. Based on information and belief, CWI, INC. is the seller, supplier, designer, manufacturer and/or distributor of recreational vehicles and accessories, and was engaged in the business of selling, servicing, inspecting and/or maintaining recreational vehicles, its components and accessories. Defendant CWI, INC. is authorized to transact business and is doing business in the State of Nevada.

11. Defendants DOES One (1) through Fifty (50), inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOE is legally responsible

in some manner for the events and happenings referred to herein.  Plaintiff will ask leave to amend this Complaint when the true names and capacities of Defendants sued as DOES One (1) through Fifty (50) are ascertained.

12. Plaintiff is informed and believes that at all pertinent times, NORCOLD, INC., NORCOLD LLC, THETFORD CORP, THETFORD LLC, CAMPING WORLD OF HENDERSON, CAMPING WORLD, INC., CWI, INC., and DOES One through Fifty were the agents and employees of their co-Defendants and in doing the things alleged in this Complaint were acting within the course and scope of that agency and employment.

## GENERAL ALLEGATIONS

13. At all relevant times herein, Plaintiff's Insureds were the owners of a 1999 Holiday Rambler Endeavor recreational vehicle (hereinafter the "Subject RV").

14. The Subject RV contained a refrigerator branded under the name Norcold bearing Model number 1200 (hereinafter "NORCOLD REFRIGERATOR").

15. Based on information and belief, the Subject RV was purchased at CAMPING WORLD OF HENDERSON.

16. Based on information and belief, in or around December 2011, CAMPING WORLD OF HENDERSON performed recall work on the NORCOLD REFRIGERATOR pursuant to a notice of recall.

17. On December 21, 2018, a fire erupted at the NORCOLD REFRIGERATOR inside the Subject RV causing extensive damage to the Subject Property (hereinafter the "Incident").

18. Pursuant to the terms of its policy, HOMESITE reimbursed its Insureds for the damages resulting from the subject fire.

19. As a result of the Incident, HOMESITE was required to pay and did pay its insureds moneys to repair the Subject Property and is subrogated thereto. HOMESITE'S subrogated claim is at least $1,121,222.37.

///

///

4

PLAINTIFF'S SECOND AMENDED COMPLAINT

# FIRST CAUSE OF ACTION

**(Strict product Liability against Defendants NORCOLD, INC., NORCOLD LLC, THETFORD CORP., THETFORD LLC, CAMPING WORLD OF HENDERSON, CAMPING WORLD, INC., CWI, INC. and DOES 1 to 25, and Each of Them)**

20. Plaintiff incorporates and re-alleges each of the paragraphs set forth above as though fully set forth herein.

21. At all pertinent times herein, Defendants NORCOLD INC., NORCOLD LLC, THETFORD CORP., THETFORD LLC, CAMPING WORLD OF HENDERSON, CAMPING WORLD, INC., CWI, INC. and DOES 1 to 25, and each of them, were in the business of designing, manufacturing, assembling, installing, testing, inspecting, advertising, marketing, distributing, selling and/or servicing products such as the NORCOLD REFRIGERATOR.

22. The NORCOLD REFRIGERATOR was expected to reach the general public and consumers in the condition in which it was manufactured, designed, assembled, installed, tested, inspected, distributed, marketed, merchandised, advertised, serviced, and sold.

23. Defendants, and each of them, knew or had reason to know that the purchaser and user of the NORCOLD REFRIGERATOR would rely on the skill and judgment of Defendants, and each of them, in their sale, design, manufacture, assembly, installation, testing, inspection, distribution, and/or servicing of the NORCOLD REFRIGERATOR and its component parts, and that such products would be used by consumers, including Plaintiff's Insureds, without inspection for defects.

24. Defendants, and each of them, had a duty to not sell, supply or install products, including the NORCOLD REFRIGERATOR and/or its component parts, in a defective condition that was unreasonably dangerous to foreseeable users when used in a reasonably expected manner.

25. The NORCOLD REFRIGERATOR was distributed to, sold to and/or used by Plaintiff's Insureds.

26. At all relevant times, Plaintiff's Insureds used the NORCOLD REFRIGERATOR for its customary, normal, and foreseeable use.

27. The NORCOLD REFRIGERATOR was defective at the time it left Defendants' control in one or more of the following ways:

    a. The NORCOLD REFRIGERATOR was defective in its design in that it did not perform safely and in fact failed;

    b. The NORCOLD REFRIGERATOR was defectively designed to present an unreasonable risk of fire danger;

    c. The NORCOLD REFRIGERATOR contained manufacturing defects in that it differed from the manufacturer's design or specifications or from typical units of the same product line, rendering the product unreasonably dangerous;

    d. The NORCOLD REFRIGERATOR failed to properly and adequately warn consumers of the fire hazards associated with its use; and

    e. The NORCOLD REFRIGERATOR lacked proper and adequate instructions and warnings as to its use, installation, and dangers.

28. Defendants, and each of them, failed to provide a safe product by failing to properly design, manufacture, test, inspect, assemble, install, advertise, sell, service, distribute, warn, recall, and/or take all other necessary reasonable precautions to prevent Plaintiff's damages.

29. Said defects, the failure to provide a safe product, and/or the failure take all other necessary precautions to prevent such losses was the proximate cause of the fire and the damages to the premises as alleged herein.

30. As a direct and proximate result of the defective NORCOLD REFRIGERATOR, HOMESITE incurred damages in the amount of at least $1,121,222.37.

## SECOND CAUSE OF ACTION

**(Negligence against Defendants NORCOLD, INC., NORCOLD LLC, THETFORD CORP., THETFORD LLC, and DOES 1 to 25, and Each of Them)**

31. Plaintiff incorporates and re-alleges each of the paragraphs set forth above as though fully set forth herein.

32. At all material times herein, Defendants NORCOLD, INC., NORCOLD LLC,

THETFORD CORP., THETFORD LLC, and DOES 1 through 25, and each of them, were under a duty to exercise reasonable care to avoid exposing the Insureds and their real and personal property to a foreseeable risk of harm.

33. It was the duty of Defendants, and each of them, through their agents and employees, acting in the scope of their employment, to use such skill, prudence and diligence as would a reasonably prudent manufacturer or as other members of their professions in the design, manufacture, testing, installation, inspection, service and sale of the NORCOLD REFRIGERATOR and/or its components parts.

34. Defendants, and each of them, knew or should have known that failure to properly design, manufacture, test, assemble, inspect, install, service, market and/or sell the NORCOLD REFRIGERATOR increased the risk of damage, including fire-related damage, from its use.

35. Further, Defendants, and each of them, knew or should have known that failure to properly warn consumers of the risk of fire and damages associated with the use of the NORCOLD REFRIGERATOR increased the risk of harm.

36. Defendants NORCOLD, INC., THETFORD CORP., NORCOLD LLC, THETFORD LLC, and DOES 1 through 25 and each of them, through their agents and employees, breached their respective duties by one or more of the following acts or omissions:

    a. Failure to properly design the NORCOLD REFRIGERATOR;

    b. Failure to properly manufacture the NORCOLD REFRIGERATOR;

    c. Failure to properly assemble and/or install the component parts of the NORCOLD REFRIGERATOR;

    d. Failure to properly inspect the NORCOLD REFRIGERATOR and/or its component parts for improper work;

    e. Failure to properly test the NORCOLD REFRIGERATOR and/or its component parts;

    f. Failure to properly warn of any known risk associated with the use of the NORCOLD REFRIGERATOR, including the risk of fire;

    g. Failure to adequately recall and/or retrofit the defective NORCOLD

REFRIGERATOR;

  h. Failure to take other reasonable precautions against damage to the Subject Property.

37. The breaches of Defendants' duties by them were a substantial factor in causing HOMESITE'S damages because had Defendants, and each of them, used requisite care, there would not have been fire damage to the Subject Property.

38. As a direct and proximate result of the defendants' negligence, HOMESITE incurred damages in the amount of at least $1,121,222.37.

## THIRD CAUSE OF ACTION

**(Negligence – Duty to Conduct Adequate Recall/Retrofit against Defendants NORCOLD, INC., NORCOLD LLC, THETFORD CORP., THETFORD LLC, and DOES 1 to 25, and Each of Them)**

39. Plaintiff incorporates and re-alleges each of the paragraphs set forth above as though fully set forth herein.

40. Defendants NORCOLD, INC., THETFORD CORP., NORCOLD LLC, THETFORD LLC and DOES 1 through 25, and each of them, were under a duty to conduct any recall and/or retrofit campaigns of their gas absorption refrigerators, including the NORCOLD REFRIGERATOR, with the degree of skill, prudence, and diligence that a reasonably careful manufacturer and/or distributor or other members of their profession would use under like circumstances.

41. Defendants, and each of them, knew or should have known that their gas absorption refrigerators, including the NORCOLD REFRIGERATOR, were so defectively designed, manufactured, supplied and/or installed as to be dangerous, or likely to be dangerous, when used in a reasonably foreseeable manner.

42. Defendants, and each of them, breached their aforementioned duty by failing to use reasonable care in initiating and conducting recall and/or retrofit campaigns which neither eliminated the safety defects in their refrigerators, including the NORCOLD REFRIGERATOR, nor rendered them safe to use for their reasonably foreseeable purpose.

43. The breaches of Defendants' duties by them were a substantial factor in causing HOMESITE'S damages because had Defendants, and each of them, used requisite care, there would not have been fire damage to the Subject Property.

44. As a direct and proximate result of Defendants' negligence, HOMESITE incurred damages in the amount of at least $1,121,222.37.

**FOURTH CAUSE OF ACTION**

**(Negligence against Defendants CAMPING WORLD OF HENDERSON, CAMPING WORLD, INC., CWI, INC. and DOES 26 through 50)**

45. Plaintiff incorporates and re-alleges each of the paragraphs set forth above as though fully set forth herein.

46. At all times material herein, it was the duty of Defendants CAMPING WORLD OF HENDERSON, CAMPING WORLD, INC., CWI, INC. and DOES 26 through 50, inclusive, through their agents and employees acting in the scope of their employment, to use due care and caution for the safety of Plaintiff's insureds and to take reasonable precautions for the protection of Plaintiff's insureds' property.

47. It was the duty of Defendants, and each of them, through their agents and employees, acting in the scope of their employment, to use such skill, prudence, and diligence as a reasonably prudent supplier or distributor or as other members of their professions in the sale, inspection, service and/or maintenance of the Subject RV and the NORCOLD REFRIGERATOR.

48. Defendants CAMPING WORLD OF HENDERSON, CAMPING WORLD, INC., CWI, INC., and DOES 26 through 50, and each of them, breached their aforementioned duties by one or more of the following acts and omissions:

 a. Failure to properly service and/or maintain the NORCOLD REFRIGERATOR;

 b. Failure to train its employees to properly service and/or maintain the NORCOLD REFRIGERATOR;

 c. Failure to properly inspect and test the NORCOLD REFRIGERATOR;

      d.    Failure to properly perform the recall fix to the NORCOLD REFRIGERATOR;

      e.    Failure to properly warn of any known risk associated with the use of the NORCOLD REFRIGERATOR and/or its component parts.

      f.    Failure to take other reasonable precautions against damage to the Subject Property.

49. The breaches of Defendants' duties by them were a substantial factor in causing HOMESITE'S damages, because had Defendants, and each of them, used requisite care, there would not have been fire damage to the Subject Property.

50. As a direct and proximate result of DEFENDANTS' negligence, HOMESITE incurred damages in the amount of at least $1,121,222.37.

WHEREFORE, Plaintiff HOMESITE prays for judgment against NORCOLD, INC., NORCOLD LLC, THETFORD CORP., THETFORD LLC, CAMPING WORLD OF HENDERSON, CAMPING WORLD, INC., CWI, INC., and DOES 1 to 50, and each of them as set forth below.

    a.    For monetary damages in an amount to be proven at trial, which may exceed $1,121,222.37;

    b.    For prejudgment interest in accordance with applicable law;

    c.    For post judgment interest;

    d.    For attorneys' fees and cost of suit where allowable by law; and

    e.    For such other relief as the Court deems just and proper.

Dated: February 26, 2022                  GROTEFELD HOFFMANN LLP

                                                Lilla Shkolnikov
                                                Attorneys for Homesite Insurance Company

# CERTIFICATE OF SERVICE
*Homesite Insurance Company v. Norcold, Inc., et al.*
USDC DISTRICT OF NEVADA CASE NO. 2:21-cv-02167-RFB-DJA

I hereby certify that on this 28th day of February, I served a true and correct copy of the following document, **STIPULATION TO FILE SECOND AMENDED COMPLAINT PURSUANT TO FRCP 15(a)(2); [PROPOSED] ORDER; PLAINTIFF HOMESITE INSURANCE COMPANY'S SECOND AMENDED COMPLAINT** on all counsel of record as follows:

| *Attorneys for Defendants Norcold, Inc. and Thetford Corporation* | *Attorneys for Defendant Camping World of Henderson and Camping World, Inc.* |
|---|---|
| Steven B. Abbott<br>**Lewis Brisbois Bisgaard & Smith LLP**<br>6385 S. Rainbow Boulevard<br>Suite 600<br>Las Vegas, NV 89118<br>Tel: (702) 893.3383<br>Fax: (702) 893-3789<br>Email: steven.abbott@lewisbrisbois.com<br><br>Mitchell Powell<br>**Cokinos \| Young**<br>Four Houston Center<br>1221 Lamar<br>16th Floor<br>Houston, TX 77010<br>Tel: (713) 535-5500<br>Fax: (713) 535-5533<br>Email: mpowell@cokinoslaw.com | Martin J. Kravitz<br>Michael R. Esposito<br>**Kravitz Schnitzer Johnson Watson & Zeppenfeld, CHTD.**<br>8985 S. Eastern Avenue<br>Suite 200<br>Las Vegas, NV 89123<br>Tel: (702) 362-6666<br>Fax: (702) 362-2203<br>Email: mkravitz@ksjattorneys.com<br>Email: mesposito@ksjattorneys.com<br><br>Russell S. Ponessa *(Admitted Pro Hac Vice)*<br>**Hinshaw & Culbertson LLP**<br>333 South Seventh Street<br>Suite 2000<br>Minneapolis, MN 55402<br>Tel: (612) 333-3434<br>Fax: (612) 334-8888<br>Email: rponessa@hinshawlaw.com |
| *Attorneys for Plaintiffs Traci Marx and Raymond Marx and Alyssa Dillard and Seth Dillard* | *Attorneys for Plaintiffs Traci Marx and Raymond Marx and Alyssa Dillard and Seth Dillard* |
| Terrence A. Beard<br>**Law Offices of Terrence A. Beard**<br>P.O. Box 1599<br>Sutter Creek, CA 95685<br>Tel: (925) 778-1060<br>Fax:<br>Email: tbeard1053@aol.com | Donald H. Williams<br>**Williams \| Starbuck**<br>612 So. Tenth Street<br>Las Vegas, NV 89101<br>Tel: (702) 320-7755<br>Fax: (702) 320-7760<br>Email: dwilliams@dhwlawlv.com |

EXECUTED ON February 28, 2023

*/s/ Emily Hallinan*
Emily Hallinan

1

PROOF OF SERVICE