UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Homesite Insurance Company as subrogee of Traci Marx and Raymond Marx,<br><br>Plaintiff,<br><br>v.<br><br>Norcold, Inc.; Norcold, LLC; Thetford Corporation; Thetford, LLC; the Dyson-Kissner-Moran Corporation; Camping World of Henderson; Camping World, Inc.; and CWI, Inc., et al.<br><br>Defendants.<br><br>And related consolidated claims. | Case No. 2:21-cv-02167-RFB-DJA<br><br>**Order** |

This is a consolidated products liability case arising out of a fire that burned a recreational vehicle owned by Plaintiffs Traci and Raymond Marx and partially damaged a home owned by the Marxes in which their friends, Plaintiffs Alyssa, and Seth Dillard, were living. Homesite Insurance Company insured the RV. Norcold, LLC; Thetford, LLC; and the Dyson-Kissner-Moran Corporation ("DKM") (collectively, the "Norcold Parties") were involved in making the RV refrigerator that allegedly caused the fire. Camping World Holdings, Inc.; Camping World, Inc.; and Camping World of Henderson (collectively, "Camping World") sold the RV.

The Marxes, Dillards, and Homesite (collectively "Homesite Parties") move to strike the Norcold Parties' expert Christopher Bloom or for the Court to require the Norcold Parties to produce Bloom for further deposition. (ECF No. 170). The Homesite Parties argue that Bloom and the Norcold Parties' attorney acted so egregiously during the Homesite Parties' deposition of Bloom that striking him as an expert or requiring him to sit for further deposition are the only ways to cure the prejudice of Bloom and the Norcold Parties' counsel's actions. In either event, the Homesite Parties seek their attorneys' fees and costs for the deposition and the motion. The

1  Norcold Parties argue that the Homesite Parties' motion is unnecessary and is a litigation tactic to
2  remove Bloom or to continue to ask him improper questions in a further deposition. (ECF No.
3  173). However, they indicate their willingness to allow Bloom to sit for an additional two hours
4  of deposition. The Norcold Parties also ask the Court to award them their attorneys' fees and
5  costs for defending the motion. Because the Court finds that both parties acted improperly during
6  the deposition, it denies the Homesite Parties' motion in part and grants it in part only to allow an
7  additional two hours of deposition.

8    I.    Background.

9        Bloom is described by the Homesite Parties as

> a fire origin and cause investigator who has been routinely hired by the Norcold Defendants over the last 20 years to investigate fire claims involving Norcold-branded gas absorption refrigerators. Since at least 2009, he has acted as a retained expert in every Norcold refrigerator case he has been involved in pursuant to a retention agreement with John FitzSimons, the general counsel for Norcold, Thetford and DKM.

(ECF No. 170 at 4).

16  The Homesite Parties ask the Court to take judicial notice of the Eighth Judicial District
17  Court's Administrative Order Regarding Deposition Behavior, Administrative Order 22-08, as
18  providing the deposition standards that they assert Bloom violated. (*Id.* at 4). The Homesite
19  Parties claim that Bloom and his counsel engaged in the following types of misconduct:
20  (1) "evasive responses/coaching/ testifying for the witness/refusals to answer"; (5) filibustering;
21  (6) making personal comments; (7) provoking disputes with counsel in front of the witness;
22  (8) "failure of defense counsel to control their improper conduct or reign [sic] in the witness"; and
23  (9) failing to timely produce documents used in the deposition. (*Id.* at 7-19). The Homesite
24  Parties provide several examples of these purported violations. (*Id.*).

25  The Norcold Parties argue that the Homesite Parties have provided no basis to strike
26  Bloom or require him to sit for additional deposition. (ECF No. 173). They argue that the
27  Administrative Order on which the Homesite Parties rely is not applicable to this case because it
28  originates from state court. (*Id.* at 6). Regarding the additional deposition time requested by the

Homesite Parties, the Norcold Parties assert that they already agreed to produce Bloom for eight hours of deposition, an hour above what the Federal Rules require. (*Id.* at 3). They add that they even offered to produce Bloom for an additional two hours, totaling ten hours, as a compromise (provided that the Homesite Parties pay for Bloom's additional time), which proposition the Homesite Parties refused. (*Id.* at 4). In any event, the Norcold Parties assert that the Homesite Parties have not shown good cause for additional time because they do not explain why they would need an additional four hours to depose Bloom after extensively questioning him already. (*Id.* at 6-7). The Norcold Parties also argue that the Homesite Parties already used the additional hour of deposition time that the Norcold Parties offered to question Bloom on improper subjects. (*Id.*). Regarding the Homesite Parties' assertions of misconduct, the Norcold Parties argue that they did not untimely produce documents related to the litigation; that Bloom properly answered questions and that many of the questions posed were improper or irrelevant, providing examples of their own; and that Bloom's counsel properly asserted objections on the record. (*Id.* at 8-15). The Norcold Parties conclude that the Homesite Parties are not entitled to sanctions but ask that the Court grant the Norcold Parties their attorneys' fees related to defending against the motion.[1] (*Id.* at 15-18).

In reply, the Homesite Parties highlight the completely different stance that the Norcold Parties take on the issue of Bloom's and counsel's deposition conduct. (ECF No. 174 at 3). They summarize that "either the Norcold Defendants' and Bloom's deposition conduct violates the federal rules and case authority regarding proper deposition conduct – and substantially interfered with plaintiffs' right to a fair opportunity to examine Bloom – or it does not." (ECF No. 174 at 3). The Homesite Parties argue that the Norcold Parties do not point to any authority justifying Bloom and their counsel's behavior. (*Id.* at 3-4). The Homesite Parties assert that, because of Bloom's and counsel's deposition conduct, they were unable to conduct a proper deposition of the

---

[1] The Norcold Parties also bring up that the Homesite Parties have failed to pay invoices for Bloom's deposition and the deposition of another expert. (ECF No. 173 at 17-18). So, they ask that the Court order the Homesite Parties to pay Bloom's invoice with interest. (*Id.* at 18). However, the Norcold Parties have not separately moved for sanctions or to compel these payments. And, as outlined below, the Court does not find sanctions appropriate here.

following: (1) Bloom's observations and methodology of the fire scene; (2) the factual basis and methodology for his "undetermined" fire cause opinions; (3) his opinions—including the factual basis—of his supplemental report, including opinions and conclusions regarding the High Temperature Sensor ("HTS") recall device; (4) any opinions/testimony he plans to offer regarding the condition of the HTS at the time of the fire, including whether plaintiffs or some other person/entity bypassed or disabled the HTS; (5) Bloom's long-time connections with the Norcold Parties, including his investigation of similar fire claims and his billings in this case.[2]  (*Id.* at 4-5).

## II.     Legal standard.

Examination and cross-examination of witnesses during depositions should proceed as it does at trial. *Brincko v. Rio Properties, Inc.*, 278 F.R.D. 576, 580-81 (D. Nev. 2011) (citing *Damaj v. Farmers Insurance Co., Inc.*, 164 F.R.D. 559, 560 (N.D. Okla. 1995)).  "In general, counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer."  1993 Advisory Committee Note to Fed. R. Civ. P. 30(d).  Rule 30 is quite clear on what types of objections counsel may make during a deposition, and when counsel may instruct a deponent not to answer a question.  Rule 30(c)(2) provides, in relevant part:

> Any objection must be stated concisely in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2).

Counsel may instruct a witness not to answer a deposition question only under three circumstances: (1) "when necessary to preserve a privilege;" (2) "to enforce a limitation on evidence directed by the court;" or (3) to present a motion to terminate the deposition to protect a

---

[2] The parties disagree over the scope of the deposition, with the Norcold Parties arguing that Bloom is not designated to opine on the installation of the HTS device on the Norcold refrigerator.  (ECF No. 173).  However, neither party has asked the Court to determine the proper scope of the deposition and the Court declines to do so *sua sponte*.

witness from an examination "being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(c)(2) & (d)(3)(A). A lawyer may not instruct a witness not to answer repetitious, harassing, or argumentative deposition questions. *Brincko*, 278 F.R.D. at 580-81 (citing *Fondren v. Republic American Life Ins.,* 190 F.R.D. 597, 600 (N.D. Okla. 1999)). The remedy for oppressive, annoying, and improper deposition questioning is not simply to instruct a witness not to answer. *Id.* Rather, it requires suspending the deposition and filing a motion under Rule 30(d)(3). *Id.* Simply put, there are very few circumstances in which an instruction not to answer a deposition question is appropriate. *Id.*

Rule 30(d)(3) permits a deponent or party to move to terminate or limit a deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A). The rule specifically authorizes the court to limit the scope and manner of the questioning as provided in Rule 26(c). Fed. R. Civ. P. 30(d)(3)(B). Rule 37(a) provides an alternate method to obtain a ruling on the propriety of the refusal of a deponent to answer questions, or a lawyer's instruction not to answer. *See* Fed. R. Civ. P. 37(a)(3)(B)(i) ("A party seeking discovery may move for an order compelling an answer ... if a deponent fails to answer a question asked under Rule 30 or 31.")

Rule 37(a)(3)(C) permits a party asking questions for which answers are not provided during a deposition to either complete the deposition or adjourn the examination before moving for an order compelling disclosure. Rule 37(a)(5) mandates that the court require a party or deponent whose conduct necessitated a motion to compel to pay the movant's reasonable expenses in making the motion, including attorney's fees unless: (1) the motion was filed without a good faith effort to resolve the dispute without court action; (2) the party's objection was substantially justified; or (3) other circumstances make an award of expenses unjust. A party who loses a motion to compel risks having a protective order entered limiting or prohibiting a line of questioning. Additionally, the prevailing party or deponent opposing a motion to compel is entitled to reasonable costs and attorney's fees for opposing the motion. *See* Rule 37(a)(5)(B).

The court may also enter a protective order and apportion the reasonable expenses of a motion to compel that is granted in part and denied in part. *See* Rule 37(a)(5)(C).

Rule 30(d) also authorizes the court to impose appropriate sanctions, including reasonable costs and attorney's fees incurred by a party or deponent filing a motion to terminate or limit a deposition. *See* Rule 30(d)(3)(C) (providing that Rule 37(a)(5) applies to the award of expenses when a motion to terminate or limit a deposition is filed). Sanctions, including costs and attorney's fees, may also be awarded under Rule 30 for conduct that the court finds "frustrated the fair examination of the deponent." Rule 30(d)(2) provides,

> The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a party who impedes, delays, or frustrates the fair examination of the deponent.

*Id.*

Rule 30(d)(1) limits a deposition to one day of seven hours. However, that Rule provides that a court "must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1).

### III. Discussion.

Here, as a preliminary matter, neither party has briefed the legal standards that this Court must employ in determining sanctions related to a party's deposition conduct. The Homesite Parties rely on a state court Administrative Order that, if anything, is persuasive authority and does not provide this Court's authority to issue sanctions. Otherwise, the Homesite Parties cite generally to Federal Rules of Civil Procedure 30 and 37 without citing to the specific provisions under which they seek sanctions or analyzing why the specific sanctions they seek are justified under these provisions. The Homesite Parties also fail to identify which specific portions of the deposition violate which specific portions of the Federal Rules and the appropriate sanctions for those violations.

However, having reviewed the deposition transcript, the Court finds that certain of the Norcold Parties' counsel's instructions to Bloom not to answer violate Rule 30(c)(2). But the

Norcold Parties never moved to terminate or limit the deposition under Rule 30(d)(3)(A). The Court also finds that certain of the Homesite Parties' counsels' questions were repetitive and argumentative and thus objectionable. But the Homesite Parties do not now move to compel Bloom to further answer the questions under Rule 37(a)(B)(i) and Rule 37(a)(C).

Instead, the Homesite Parties ask the Court to strike Bloom as an expert witness. But, aside from relying on a sentence within the state court Administrative Order that "[a]n expert witness who fails to obey this Order may be subject to being stricken as an expert witness,"[3] the Homesite Parties provide no authority supporting their proposition that the Court can strike Bloom as an expert witness as a sanction for his deposition behavior. Without any analysis or authority supporting their request for this extreme sanction, the Court declines to grant it.

The Homesite Parties also ask for the Court to award them their attorneys' fees and costs. So do the Norcold Parties. But neither party conducts any analysis about the Court's authority to do so. In this scenario, the Court's authority to issue monetary sanctions arises under Rule 30(d)(2), which permits it to sanction a person who impedes, delays, or frustrates the fair examination of the deponent. However, having reviewed the deposition transcript, it appears that both sides are guilty of impeding, delaying, and frustrating the fair examination of Bloom. And the Court declines any invitation to pick apart the hundreds of pages of deposition transcript to decide which party was more at fault. So, the Court declines to issue attorney fee and cost sanctions.

The only relief that the Homesite Parties seek that finds secure footing in the Federal Rules—despite their failure to analyze the Rule—is their request that the Court require Bloom to sit for an additional deposition session. Under Rule 30(d)(1), the Court must allow additional time—beyond the mandated one day of seven hours—if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination. Here, both parties have impeded the deposition, resulting in the Homesite Parties asserting that they were unable to ask Bloom certain categories of questions. The Homesite Parties impeded

---

[3] (ECF No. 172-22).

the deposition by asking repetitive and objectionable questions. And the Norcold Parties impeded the deposition by objecting in an argumentative and suggestive manner and improperly instructing Bloom not to answer. So, the Court finds that allowing the deposition to proceed for two additional hours—which solution the Norcold Parties have offered as a potential compromise—to be the appropriate sanction. Each party must bear their own costs and fees. And each party must ensure that their questions and objections comply with the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that the Homesite Parties' motion to strike (ECF No. 170) is **granted in part and denied in part.** It is granted in part regarding the Homesite Parties' request that the Court order an additional deposition of Bloom. It is denied regarding their request that the deposition take four hours and it is denied in all other respects.

**IT IS FURTHER ORDERED** that the Norcold Parties shall arrange for Bloom to be available for an additional two hours of deposition by the Homesite Parties. The parties must conduct this deposition on or before **February 18, 2025.**

DATED: December 17, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE