# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Homesite Insurance Company as subrogee of Traci Marx and Raymond Marx, <br><br> Plaintiff, <br><br> v. <br><br> Norcold, Inc.; Norcold, LLC; Thetford Corporation; Thetford, LLC; the Dyson-Kissner-Moran Corporation; Camping World of Henderson; Camping World, Inc.; and CWI, Inc., *et al.*, <br><br> Defendants. <br><br> And related consolidated claims. | Case No. 2:21-cv-02167-RFB-DJA <br><br> **ORDER** |

Pending before the Court are two unopposed motions for leave to file (ECF Nos. 184, 186), a motion *in limine* (ECF No. 160), and an unopposed motion to permanently seal ECF Nos. 188 and 189 (ECF No. 198). This case arises from a fire that occurred on December 21, 2018. Plaintiffs Homesite Insurance Company, Traci Marx, Ray Marx, Alyssa Dillard, and Seth Dillard allege the fire was caused by and originated at a Defendant Norcold LLC refrigerator in a 1999 Monaco Holiday Rambler motor home that was parked on their property.

**I.   Motion *In Limine***

On August 14, 2024, Defendant Norcold LLC filed a motion *in limine*, (ECF No. 160), to exclude the opinions of Plaintiffs' expert Kevin Lewis. "A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). Motions *in limine* are a well-recognized judicial practice authorized under case law. See, e.g., Ohler v. United States, 529 U.S. 753, 758 (2000). The Court's

1  power to rule on motions *in limine* stems from its "inherent authority to manage the course of
2  trials." Luce v. United States, 469 U.S. 38, 41 n.4 (1984). *In limine* rulings are provisional, and
3  "are not binding on the trial judge[] [who] may always change his mind during the course of a
4  trial." Ohler, 529 U.S. at 758 n.3.

5  Defendants' motion *in limine* seeks to exclude the opinions of Kevin Lewis on the grounds
6  that Mr. Lewis did not prepare his expert report, in violation of Rule 26(a)(2)(B). The report states
7  that it was only "reviewed by" Mr. Lewis, and another of Plaintiffs' experts, Jonathan Contreras,
8  states in a deposition that he was the sole author of the report. Plaintiff filed an opposition on
9  August 28, 2024. Defendants replied on September 4, 2024.

10  Under Rule 26, "a party must disclose to the other parties the identity of any witness it may
11  use at trial." Fed.R.Civ.P. 26(a)(2)(A). Furthermore, "if the witness is one retained or specially
12  employed to provide expert testimony," a party must accompany this disclosure with a "written
13  report prepared and signed by the witness." Fed.R.Civ.P. 26(a)(2)(B). This report must include
14  among other disclosures, a "complete statement of all opinions the witness will express and the
15  basis and reasons for them." Fed.R.Civ.P. 26(a)(2)(B)(i). "If a party fails to provide information
16  or identify a witness as required by Rule 26(a) ..., the party is not allowed to use that information
17  or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was
18  substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

19  Here, the two experts, Jonathan Contreras and Kevin Lewis, are both employed by Jensen
20  Hughes. They were retained to examine the Norcold Inc. refrigerator involved in the fire to assess
21  whether it failed or malfunctioned, and whether the failure/malfunction of the refrigerator was
22  consistent with the refrigerator being the cause of the fire. Their report is 40 pages long and signed
23  by both experts. The report includes separate compensation, testimony records, and qualifications
24  for each of the two experts. However, the evidence examinations, discussion, and opinion and
25  bases sections do not differentiate between their separate actions or opinions.

26  Federal Rule of Civil Procedure 26(a)(2)(B) does not preclude a joint expert report and
27  there is "no reason to think the practice [is] always and inherently impermissible" under Rule 26.
28  See, e.g., Dale K. Barker Co., P.C. v. Valley Plaza, 541 Fed. Appx. 810, 815 (10th Cir. 2013)

(explaining that "[c]o-authored expert reports aren't exactly uncommon"). In Barker, the Tenth Circuit allowed a joint report when both experts "reviewed the same materials, and, working together, came to the same opinions." Id. at 816. In multiple instances, federal courts have allowed joint expert reports. See, e.g., Montgomery v. Wal-Mart Stores, Inc., No. 12CV3057-AJB (DHB), 2015 WL 11233382, at *5 (S.D. Cal. Sept. 24, 2015) (finding that "joint expert reports are not per se improper"); see also Univ. of Fla. Research Found., Inc. v. Motorola Mobility LLC, Civ. No. 13-cv-61120, 2013 WL 12043502, at *8 (S.D. Fla. Dec. 23, 2013) (same).

However, the joint expert report at issue here does not reveal the division of labor between the two experts, nor how they reached their separate opinions. See, e.g., Adams v. United States, Civ. No. 03-cv-0049, 2011 WL 2144574, at *1 (D. Idaho May 29, 2011) ("When two experts work as a team and divide up the work, the report must reveal this division of labor."); Late v. United States, No. 1:13-CV-0756, 2016 WL 8793108, at *1 (M.D. Pa. Sept. 20, 2016) ("The court finds that the joint report . . . adequately reveals . . . the division of labor[.]"); Dan v. United States, No. CIV 01–25 MCA/LFG–ACE, 2002 WL 34371519, at *2–3, *5 (D.N.M. Feb. 6, 2002) (finding that the report does not "delineate which opinions belong to which expert"). Therefore, Plaintiffs must disclose how Jonathan Contreras and Kevin Lewis divided up their work, and how each relied on the other in arriving at their opinions.

Finally, while the Court reaches the merits of this motion, the Court notes that Defendants failed to comply with Local Rule 16-3, which provides that the movant must attach a statement certifying that the parties have participated in the meet-and-confer process and have been unable to resolve the matter without court action.

**II.    Motions for Leave to File**

The Court, having reviewed Defendants' unopposed motion for leave to file a motion for partial summary judgment, (ECF No. 184), and the Plaintiffs' unopposed motion for leave to file a joint motion to exclude the opinions of Defense expert Christopher Bloom, (ECF No. 186), and good cause appearing therefor, finds that Defendants' motion for partial summary judgment, (ECF No. 182), and Plaintiffs' joint motion *in limine*, (ECF No. 182), are deemed timely filed, *nunc pro tunc*.

### III. Motion to Seal

Courts have long recognized "a general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted). However, this right is not absolute. Id. There is a "strong presumption in favor of access" to dispositive motions or their attachments, and a party seeking to seal such document bears the burden of overcoming this presumption by providing a compelling and fact-based reason for the document to be sealed. Id. (citations and quotation marks omitted). "[I]f the court decides to seal certain judicial records [attached to dispositive motions], it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. at 1179 (citation and quotation marks omitted). "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records." In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig., 686 F.3d 1115, 1119 (9th Cir. 2012).

Plaintiffs filed an unopposed motion to seal its joint opposition to Defendants' motion for summary judgment, which included both a memorandum, (ECF No. 188), and a declaration, (ECF No. 189), which in turn had twenty-five exhibits attached (ECF Nos. 189-1 to 189-25). The motion to seal is based solely on the fact that the included deposition testimony falls under the ambit of the parties' protective order, (ECF Nos. 100, 101), defining confidential documents during discovery. However, the governing protective order provides the following: "The fact that the Court has entered the instant stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document."

Plaintiffs' reliance on the protective order is insufficient to warrant sealing. By nature, protective orders are overinclusive because parties do not need to make a "good cause" showing under Fed.R.Civ.P. 26(c) and the court typically does not analyze whether each particular document should be sealed. See Beckman Indus. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) ("Reliance will be less with a blanket order, because it is by nature overinclusive."); San Jose Mercury News, Inc. v. U.S. Dist. Ct. (Saldivar), 187 F.3d 1096, 1103 (9th Cir. 1999) ("Such

1  blanket orders are inherently subject to challenge and modification, as the party resisting disclosure
2  generally has not made a particularized showing of good cause with respect to any individual
3  document."); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1133 (9th Cir. 2003). By
4  relying solely on the protective order, Plaintiffs have failed to provide sufficient reasons for sealing
5  the documents. Plaintiffs' motion to seal is therefore denied without prejudice.

6  Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion *in Limine*, (ECF No.
7  160), is **DENIED** without prejudice.

8  **IT IS FURTHER ORDERED** that on or before January 20, 2025, Plaintiffs shall disclose
9  how Jonathan Contreras and Kevin Lewis divided their work and how each relied on the other in
10  arriving at their opinions.

11  **IT IS FURTHER ORDERED** that Defendants' Unopposed Motion for Leave to File,
12  (ECF No. 184), and Plaintiffs' Unopposed Motion for Leave to File, (ECF No. 186), are
13  **GRANTED**.

14  **IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment,
15  (ECF No. 182), and Plaintiffs' Motion *in Limine*, (ECF No. 181), are deemed timely filed, *nunc*
16  *pro tunc*.

17  **IT IS FURTHER ORDERED** that Plaintiffs' Unopposed Motion to Permanently Seal,
18  (ECF No. 198), is **DENIED** without prejudice. If the parties wish to file a properly supported
19  motion to seal, they may do so no later than January 20, 2025.

21  **DATED:** January 6, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**